IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY SMITH,<br><br>      Plaintiff,<br><br>  v.<br><br>SUE SUMMERSET, et al.,<br><br>      Defendants.<br>_____/ | No. C 09-5928 SBA (PR)<br><br>**ORDER OF DISMISSAL** |

      Plaintiff is incarcerated at Ironwood State Prison in Blythe, California. He filed the instant products liability action as a "joint filing" with nine other Plaintiffs against Defendants California Department of Corrections Menu Coordinator Sue Summerset, Kellog, Austin Quality Foods, Peanut Corporation of America, King Nut, ABC Ventures, Windsor Foods, LA Foods, and "Does 1 to 20." The Court previously granted Plaintiff's motion for leave to proceed in forma pauperis. The original complaint alleges that Defendant Summerset and the aforementioned corporations are liable for producing and manufacturing allegedly "spoiled food." Plaintiff has since filed an "Amended Pleading," in which he is no longer proceeding with this action as a "joint filing" with the nine other Plaintiffs. He raises identical claims against the same Defendants as in the original complaint. The Court will construe this pleading as his amended complaint -- the operative complaint in this action.

      "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). The court is presumed to lack jurisdiction unless the contrary appears affirmatively from the record. DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n.3 (2006). Federal courts have a duty to examine jurisdiction sua sponte before proceeding to the merits of a case. See S. Pac. Transp. Co. v. City of Los Angeles, 922 F.2d 498, 502 (9th Cir. 1990). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

      The complaint must demonstrate that the district court has either federal question or diversity jurisdiction. The diversity jurisdiction statute confers jurisdiction in cases where the parties are

1  citizens of different states and where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.
2  The diversity statute is strictly construed, and any doubts are resolved against finding jurisdiction.
3  Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1092 (9th Cir. 1983). Because the citizenship of
4  the parties is a jurisdictional fact in diversity actions, the burden is on the plaintiff -- the party
5  invoking federal jurisdiction -- to plead and prove such facts. Bautista v. Pan American World
6  Airlines, Inc., 828 F.2d 546, 552 (9th Cir. 1987).

7      Plaintiff alleges that this Court has jurisdiction based solely on diversity. (Am. Compl. at 2.)
8  He seeks damages above the jurisdictional minimum and claims that the parties are citizens of
9  different states. (Id.) However, he misconstrues the requirements of § 1332. The Supreme Court
10 has held that the § 1332 provision "between . . . citizens of different States" requires complete
11 diversity between all plaintiffs and all defendants. Lincoln Property Co. v. Roche, 546 U.S. 81, 89
12 (2005). In other words, no plaintiff may be a citizen of the same state as any defendant. See id.
13 Based on the record before the Court, Defendant Summerset is a California citizen; Plaintiff is as
14 well. The burden is on Plaintiff to plead and prove otherwise. Bautista, 828 F.2d at 552. In the
15 absence of such proof, diversity jurisdiction does not exist.

16     In addition, there is no federal question jurisdiction here. See 28 U.S.C. § 1332. Plaintiff
17 has only pled negligence, breach of warranty, strict liability and intentional infliction of emotional
18 distress, all of which are state law causes of action. (Am. Compl. at 3-6.)

19     In light of the foregoing, this action is hereby DISMISSED without prejudice to Plaintiff re-
20 filing his claims in state court. The Court has rendered its final decision on this matter; therefore,
21 this Order TERMINATES Plaintiff's case. The Clerk of the Court shall terminate all pending
22 motions as moot, including Plaintiff's Motion to Request Status Check or Scheduling Order (docket
23 no. 5), and close the file.

24     This Order terminates Docket no. 5.

25     IT IS SO ORDERED.

26
27 DATED: 10/27/10                          *Saundra B Armstrong*
                                                        SAUNDRA BROWN ARMSTRONG
28                                                         United States District Judge

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ANTHONY D SMITH,

        Plaintiff,

  v.

SUE SUMMERSET et al,

        Defendant.
_____/

Case Number: CV09-05928 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 27, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Anthony D. Smith E-80523
Ironwood State Prison
P.O. Box 2199
Blythe, CA 92226

Dated: October 27, 2010

    Richard W. Wieking, Clerk
    By: LISA R CLARK, Deputy Clerk

G:\PRO-SE\SBA\CR.09\Brown4764.dismiss(diversity).wpd

3