IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY SMITH,<br><br>    Plaintiff,<br><br>  v.<br><br>SUE SUMMERSET, et al.,<br><br>    Defendants. | No. C 09-5928 SBA (PR)<br><br>**ORDER DENYING MOTION FOR RELIEF FROM ORDER**<br><br>(Docket no. 10) |

## INTRODUCTION

Plaintiff Anthony Smith is a state prisoner incarcerated at Ironwood State Prison (ISP) in Blythe, California. On December 17, 2009, he filed products liability and tort actions against Defendants California Department of Corrections and Rehabilitation Menu Coordinator Sue Summerset, Kellog,[1] Austin Quality Foods, Peanut Corporation of America, King Nut, ABC Ventures, Windsor Foods, LA Foods, and "Does 1 to 20." The original complaint alleged that Defendant Summerset and the aforementioned corporations are liable for producing and manufacturing allegedly "spoiled food." Plaintiff then filed an Amended Complaint, in which he raised identical claims against the same Defendants as in the original complaint.[2]

In an Order dated October 27, 2010, the Court dismissed Plaintiff's action without prejudice for lack of federal jurisdiction under 28 U.S.C. § 1332, because one of the Defendants, Defendant Summerset, is a citizen of California, as is Plaintiff. Moreover, Plaintiff brought only state law causes of action against Defendants, raising no federal question under 28 U.S.C. § 1331.

Plaintiff now requests that the Court grant relief from the Court's October 27, 2010 Order to Dismiss under Federal Rules of Civil Procedure 60(b). (Nov. 24, 2010 Mot. for Relief at 1.)

---

[1] Plaintiff included a Defendant named "Kellog," but it is unclear whether he is referring to the Kellogg Company.

[2] Originally, Plaintiff filed the complaint with nine other plaintiffs, also inmates at ISP. On July 12, 2010, he filed an "Amended Pleading" in which he alleged identical claims on his own behalf without any other plaintiffs. The Court construed this "Amended Pleading" as an "Amended Complaint" and considered it the operative complaint in this action.

**DISCUSSION**

Rule 60(b) provides for reconsideration only upon a showing of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); School Dist. 1J v. ACandS Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Rule 60(b) provides a mechanism for parties to seek relief from a judgment when "it is no longer equitable that the judgment should have prospective application," or when there is any other reason justifying relief from judgment. Jeff D. v. Kempthorne, 365 F.3d 844, 853-54 (9th Cir. 2004) (quoting Fed. R. Civ. P. 60(b)). Rule 60(b) is not intended to remedy the effects of a deliberate and independent litigation decision that a party later comes to regret through second thoughts or subsequently gained knowledge. Latshaw v. Trainer Wortham & Co., 452 F.3d 1097, 1099 (9th Cir. 2006) (denying reconsideration to a party who had settled and then discovered that her attorney had made legal errors in advising her to settle).

Plaintiff does not indicate under what provision of Rule 60(b) reconsideration is warranted. Moreover, Plaintiff presents no valid basis for reconsideration. He alleges no new evidence that could not have been discovered with due diligence, nor does he show mistake, inadvertence, surprise excusable neglect, fraud by the adverse party, or voiding of the judgment. Finally, he does not provide any other reason justifying relief, such as extraordinary circumstances. Rather, he points out that his "complaint can be amended to [establish] complete diversity of citizenship" by removing Defendant Summerset. (Mot. for Relief at 2.) He also claims that his complaint "should have been transferred" to the Central District of California where the events giving rise to his claim arose. (Id.) These arguments do not bring to light new evidence, fraud, mistake, inadvertence, surprise, excusable neglect, or "extraordinary circumstances." They tend to show, if anything, that Plaintiff regrets his "deliberate and independent litigation decision" to file his action in this District and to bring a claim against a non-diverse defendant. See Latshaw, 452 F.3d at 1099. Dissatisfaction with a litigation decision is not a valid basis for reconsideration.

Furthermore, Plaintiff's argument for transfer based on 28 U.S.C. § 1631 has no bearing on this motion.  Section 1631 holds that "whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred." 28 U.S.C. § 1631.  Here, Plaintiff could not have brought his action in the Central District of California because there was not complete diversity between the parties at the time he filed the action.  Consequently, this Court was under no obligation, "in the interest of justice," to transfer his case to the Central District of California.

## **CONCLUSION**

For the foregoing reasons, the Court finds that Plaintiff fails to allege excusable neglect, mistake, inadvertence, surprise, surprise, fraud or any other "extraordinary circumstances" as a valid ground for reconsideration.  Accordingly, Plaintiff's motion for relief from the Court's October 27, 2010 Order is DENIED.

This Order terminates Docket no. 10.

IT IS SO ORDERED.

DATED: \_\_6/24/11

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

**United States District Court**
**For the Northern District of California**

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ANTHONY D SMITH,

        Plaintiff,

  v.

SUE SUMMERSET et al,

        Defendant.
                                          /

Case Number: CV09-05928 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 28, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Anthony D. Smith E-80523
Ironwood State Prison
P.O. Box 2199
Blythe, CA 92226

Dated: June 28, 2011

                                      Richard W. Wieking, Clerk
                                      By: LISA R CLARK, Deputy Clerk

G:\PRO-SE\SBA\CR.09\Smith5928.denyRECONS.wpd